# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1624V

|   |   |
|---|---|
| FAITH W. NTHIGA,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: October 10, 2025 |

*JohnDavid Toren*, Menzer Law Firm, PLLC, Seattle, WA, for Petitioner.

*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 31, 2022, Faith W. Nthiga filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration a defined Table injury, that was caused-in-fact by the influenza vaccine she received on September 8, 2020. Petition, ECF No. 1. On November 8, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $25,577.26 (representing $24,388.00 in fees plus $1,189.26 in costs). Application for Attorneys' Fees and Costs ("Motion") filed May 12, 2025, ECF No. 32. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 32-4.

Respondent reacted to the motion on May 27, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 33. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Hourly Rates*

Petitioner requests that I apply the following hourly rates for work performed by her attorney JohnDavid Toren: $325.00 for 2022; $375.00 for 2023; $425.00 for 2024 and $475.00 for 2025. Petitioner also requests the following rates for attorney Brady Douglas: $275.00 for 2021; $300.00 for 2022; $350.00 for 2023; and $400.00 for 2024. For paralegal work performed in the 2021-25 timeframe, Petitioner requested rates between $150.00 - $200.00. Mr. Toren and Mr. Douglas represent that they are both licensed to practice law, in the State of Washington, since 2014 respectively. *Id.* at 32-1.

Based on my experience applying the factors[3] relevant to determining proper hourly rates for Program attorneys, I find the proposed rates for Mr. Toren to be reasonable for the 2022-25 period and shall be awarded without reduction. I also find the paralegal rates requested herein reasonable. The rates requested for Mr. Douglas, however, require further evaluation and adjustment.

Mr. Douglas is requesting rate approvals for work performed in years 2021-22, *prior to* being admitted to this Court. ECF No. 32-2 at 18. Mr. Douglas was admitted to this Court in February 2023. It is well established in the Vaccine Program that an attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). Accordingly, all time billed by Mr. Douglas prior to being admitted to this Court must be compensated at non-attorney rates for his work. I hereby award Mr. Douglas the reduced rate of $172.00 for the 2021-22 timeframe. **Application of the foregoing reduces the amount of fees to be awarded herein by $827.60.**[4] I find all other rates requested by Mr. Douglas for work performed in the 2023-24 timeframe to be reasonable and shall be awarded. And all other time billed to the matter was reasonably incurred.

---

[3] *See McCulloch v. HHS*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] This amount is calculated as follows: ($275.00 - $172.00 = $103.00 x 1.20 hours billed by Mr. Douglas in 2021) + ($300.00 - $172.00 = $128.00 x 5.50 hours billed by Mr. Douglas in 2022) = $827.60.

3

*B. Litigation Costs*

Petitioner requests $1,189.26 in costs for obtaining medical records, the Court's filing fee and shipping costs. Petitioner has provided supporting documentation for all claimed costs. ECF No. 35-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $24,749.66 (representing $23,560.40 in fees plus $1,189.26 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

                                                    **s/Brian H. Corcoran**
                                                    Brian H. Corcoran
                                                    Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.